FIFTEEN TWENTY BROADWAY, INCORPORATED, Respondent, *v.* THE NEW YORK THEATRE COMPANY, Appellant.

First Department, July 13, 1917.

**Pleading — action by tenant against landlord — failure to comply with order requiring causes of action to be separately stated and numbered.**

Where, in an action by a tenant against his landlord for damages for wrongful eviction, and for moneys expended for improvements and for taking possession of a portion of the premises by the defendant, the

plaintiff is ordered to separately state and number the causes of action, an amended complaint, containing two counts, the first for damages for final complete eviction and the second for expenditures incurred in making improvements, and also for the breach of a specific agreement to pay the plaintiff damages caused by the temporary interference with its possession, is not a compliance with the order of the court.

Although this is the fourth amended complaint, plaintiff should, under the circumstances, be given another opportunity to serve a further amended complaint separately stating and numbering the two causes of action embraced in the second count of the last complaint, or eliminating one of them.

Appeal by the defendant, The New York Theatre Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of April, 1917, denying its motion to strike out the fourth amended complaint herein, on the ground that it does not comply with the orders permitting its service.

*Mortimer Fishel* [*I. M. Dittenhoefer* with him on the brief], for the appellant.

———— ————, for the respondent.

Laughlin, J.:

The original complaint contained a single count for three items of damages. It was alleged, in substance, that on the 11th of January, 1915, the defendant executed to one Morris a lease of part of the New York Theatre Building on the easterly side of Broadway between Forty-fourth and Forty-fifth streets in the borough of Manhattan, New York, and that after the lessee entered into possession the lease was modified by an agreement in writing between the parties and that they made a subsequent agreement in writing with respect thereto on the 27th of September, 1915; that it was understood between the landlord and tenant that a corporation was to be organized to succeed to the lease and that the plaintiff is the corporation so organized and that after its incorporation the rights of the lessee were duly assigned to it and it took possession of the premises; that while it was so in possession and on the 26th of January, 1916, the defendant wrongfully and forcibly evicted it; that it was

contemplated and understood that the plaintiff should expend a large sum of money in improving, renovating and decorating the premises for the purposes and uses to which they were to be put by the lessee and that the plaintiff on taking possession proceeded to make said improvements in accordance with plans and specifications submitted to and approved by the defendant, and in so doing incurred an expenditure of $35,000; that during plaintiff's possession and prior to the complete eviction and while plaintiff was engaged in making said improvements the defendant without its consent and against its objections took possession of a part of the premises for the rehearsals of a theatrical company to the hindrance, annoyance and damage of the plaintiff and for which intrusion the defendant promised to reimburse the plaintiff, but has failed so to do, and that by reason of the said wrongful acts of the defendant the plaintiff was specially damaged in the sum of $35,000 so expended in improving, renovating and decorating the premises, and by the interruption and disturbance of plaintiff's possession plaintiff was otherwise damaged in the sum of $500,000. Judgment was demanded for the aggregate of these two amounts.

On motion of the defendant an order was made, on the opinion of the court to the effect that two causes of action were alleged, requiring plaintiff to separately state and number the causes of action. Thereafter a first and second amended complaint were stricken out for failure to comply with the order and a third amended complaint was returned and the court denied plaintiff's motion to compel the defendant to accept the same, with leave, however, to plaintiff to comply with the order. The fourth amended complaint was served pursuant to that leave.

As there was no appeal from the original order it became the law of the case and the correctness of the decision is not now open to review. Manifestly, it was the duty of the plaintiff, in thus accepting without attempting to review it, to comply with the order. The fourth amended complaint contains two counts. The first is for $500,000 damages for the final, complete eviction; and in the second the plaintiff repeats, by reference, the allegations of the first with the exception of the 15th paragraph, which relates to the amount

of damages, and further alleges the making of the improvements and the dispossession in part prior to the final eviction substantially as stated in the original complaint with the exception that in the original complaint the damages claimed on account of expenditures for improvements were $35,000 and the damages for interference with possession and eviction were stated to be $500,000, whereas in the fourth amended complaint the amount of damages for expenditures in making improvements and for interference with possession prior to the complete eviction are not separately stated but in the 20th paragraph are together stated to be the sum of $35,000.

We think there is no merit in the criticism that the plaintiff has attempted in the second count to recover the same damages sought to be recovered in the first count for the final, complete eviction. The facts with respect to the final eviction are realleged, by reference, it is true, but that to some extent, at least, was essential to show that the plaintiff has been deprived of the improvements and to establish a basis for recovery therefor. In the second count, however, the pleader has plainly attempted to set forth two causes of action, one for the expenditures incurred in making improvements and the other for a breach of a specific agreement to pay the plaintiff the damages caused by the temporary interference with the plaintiff's possession. Under the original complaint which the learned Special Term adjudicated pleaded two causes of action the plaintiff did not seek to recover any separate item of damages for the partial eviction. It combined the damages for the partial and complete eviction. Under the second count of the fourth amended complaint, as has been seen, the plaintiff is attempting to recover such damages, as a separate item and on a special express agreement to pay them. If the plaintiff intends to rely on the express agreement to pay such damages as is now alleged, that constitutes a separate cause of action. It is manifest, therefore, that this pleading is not a compliance with the original order.

Although great indulgence has been extended to the plaintiff already with respect to complying with the order requiring it to separately state and number the causes of action we think it should be given one more opportunity to serve a

further amended complaint separately stating and numbering the two causes of action embraced in the second count of the fourth amended complaint or by eliminating one of them.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, but with leave to the plaintiff, however, on payment of such costs to serve an amended complaint in accordance with this opinion.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve a further amended complaint as stated in opinion.